UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE: June L Streeper                                    CASE NO.: _____

         (Debtor)                                         JUDGE: _____

                                                          CHAPTER:        13

## CHAPTER 13 PLAN AND MOTION

_X_ Original          ___ Modified/Notice Required         ___ Modified/No Notice Required

                                                           X   Discharge Sought
                                                           ☐   No Discharge Sought

Date:  July 21, 2006

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection if filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

1. **PAYMENT AND LENGTH OF PLAN**

    a. The Debtor shall pay $ 350  per  Month  to the Chapter 13 Trustee, starting on August 1, 2006  for approximately  36  months.

    b. The Debtor shall make plan payments to the Trustee from the following sources:

    _X_  Future Earnings

    ___  Other sources of funding (describe source, amount and date when funds are available)

    \_\_\_\_    Sale or refinance of the following assets on or before _____.

c. Adequate protection payments will be made in the amount of $ __$175__ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to __Wells Fargo Financial__ (creditor).

d. Adequate protection payments will be made in the amount of $_____ To be paid directly by the Debtor(s) outside of the Plan, pre-confirmation to _____ [creditor].

2. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be paid |
|---|---|---|
| Joseph J. Rogers, Esquire | Attorney Fees | $2190 |
| Chapter 13 Trustee | Trustee Commissions | 10% |

3. **SECURED CLAIMS**

a. **Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligation and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral for Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b. **Modification**

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having"NO VALUE" it shall be treated as an unsecured claim.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be paid |
|---|---|---|---|---|---|---|---|

| Well Fargo | 2002 Dodge Intrepid | $8300 | $7600 | NA | $7600 | 8.5% | $8700 |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the correspondence lien.

c. **Surrender**

Upon confirmation, the stay is terminated as to surrender collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

d. **Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

4.     **UNSECURED CLAIMS**

a. **Not separately classified** Allowed non-priority unsecured claims shall be paid:

__X__    Not less than $ __0__ to be distributed *pro rata*

_____ Not less than _____ percent

_____ Pro rata distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected; **except** the following, which are **assumed**:

| Creditor | Nature of Contract of Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

6. **MOTIONS**

> **NOTE: All plans including motions must be served separately in accordance with D.N.J. LBR 3015-1. Proof of Service of compliance with this requirement must be filed with the Clerk of Court.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claims that is greater than the amount to be paid in the plan service as opposition to the motion, and services as an objection to confirmation. The proof of claim shall be serviced in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing, which shall be the hearing on the motion. Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

7.   OTHER PLAN PROVISIONS

   a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

   __X__  Upon Confirmation

   ____   Upon Discharge

   b. **Payment Notices** Creditors and Lessors provided for in Section 3, 5 or 6 may continue to mail

customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

        1) Trustee Commissions

        2)   Joseph J Rogers

        3)   Wells Fargo

        4) _____

    d. **Post-petition claims.** The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(1) in the amount filed by the post-petition claimant.

Date:  July 21, 2006                    /s/ Joseph J. Rogers, Esquire
                                                 Joseph J. Rogers, Esquire**,** Attorney for Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:  July 21, 2006                    /s/ June L. Streeper
                                                 Debtor